UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA L. SCHULTE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-CV-172 |
| § | |
| STEWART TITLE INSURANCE CO., et § | |
| al., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM AND ORDER

Plaintiff Diana Schulte, proceeding *pro se*, has filed a Complaint against approximately a hundred and fifty defendants, including Stewart Title Insurance Company, alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* (Doc. No. 1.)[1] None of the defendants has been served. Because Ms. Schulte has not exhausted her administrative remedies as required by Title VII, her Complaint must be **DISMISSED WITHOUT PREJUDICE**.

I.  BACKGROUND

In her Complaint, Ms. Schulte states that she has "not been able to file with the [Equal Employment Opportunity Commission] on this matter." (Doc. No. 1 at 1.) The Court scheduled a hearing to offer Ms. Schulte an opportunity to clarify this statement in her pleading. At this hearing on March 31, 2015, the Court confirmed that Ms. Schulte had not brought her instant allegations to the Equal Employment Opportunity Commission ("EEOC"). The Court granted Ms. Schulte fifteen days to submit any right to sue letters she had previously received from the

---

[1] All docket references are to Civil Action No. 4:15-CV-172.

1

EEOC to determine whether she had complied with the relevant timelines and exhaustion requirements. Ms. Schulte did not submit any additional documentation within this time frame.

## II.  DISCUSSION

Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Private sector employees, like Ms. Schulte, must satisfy this requirement by filing an administrative charge with the EEOC. *Id.* Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC or that could not "reasonably be expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). Accordingly, a federal court may not consider claims that were not first raised before the EEOC. *See Filer v. Donley*, 690 F.3d 643, 648 (5th Cir. 2012) ("The court correctly held that it lacked jurisdiction to consider the other allegations as to which Filer failed to exhaust his administrative remedies."); *Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006) (affirming dismissal of plaintiff's Title VII claim for failure to exhaust administrative remedies).

There is currently a disagreement in the Fifth Circuit about whether the exhaustion of administrative remedies requirement is a prerequisite to bringing suit or whether it deprives a district court of subject matter jurisdiction. *Pacheco*, 448 F.3d at 788 n.7 (comparing *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("[I]t is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction.") with *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981) ("The exhaustion requirement . . . is an absolute prerequisite to suit.") and *Randel v. Dep't. of U.S. Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("If the claimant fails to comply with either of these [Title VII] requirements then the court is deprived of jurisdiction over the case.") with *Young v. City of Houston, Tex.*, 906 F.2d 177, 180

(5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction.") and *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 449 (5th Cir. 1983) ("The basic two statutory requirements (although these are not necessarily 'jurisdictional') for a Title VII suit are . . . ")). The practical difference between these two alternative interpretations is that equitable remedies such as estoppel and waiver are available for instances involving a failure to meet a prerequisite to filing a complaint, but are unavailable to remedy a lack of subject matter jurisdiction. *Sapp v. Potter*, 413 F. App'x 750, 752 n.1 (5th Cir. 2011) (per curiam) (unpublished).

As Ms. Schulte has not articulated any equitable doctrines of relief, the Court need not address this disagreement here. *See id.* (declining to resolve this disagreement because the facts did not implicate equitable doctrines of relief). Under either interpretation, the result is the same – Ms. Schulte's Complaint is dismissed. If it lacks subject matter jurisdiction, the Court must dismiss under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). On the other hand, if administrative exhaustion is merely a prerequisite to suit, the Court has inherent authority to dismiss a complaint on its own motion for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). A district court may exercise this latter option only if "the procedure employed is fair." *Id.* The Fifth Circuit has suggested that fairness in this context requires "both notice of the court's intention and an opportunity to respond." *Id.* Here, the Court specifically informed Ms. Schulte at its March 31, 2015 hearing that it would be unable to hear any claims that had not been first presented to the EEOC. The Court then granted Ms. Schulte fifteen days in which to respond to its position. Ms. Schulte has not done so. Given the clear prohibition on considering Title VII claims that have not been

exhausted, this Court exercises its authority to dismiss Ms. Schulte's Complaint. If Ms. Schulte is able to demonstrate that she has first exhausted the available administrative remedies for her claims against any of the approximately one hundred fifty defendants she wishes to sue, she may then seek redress in the federal courts.

### III.  CONCLUSION

For the reasons outlined above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 27th day of April, 2015.

                                                        KEITH P. ELLISON
                                                        UNITED STATES DISTRICT JUDGE